**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul MARTINEZ, Defendant-Appellant.**

**No. 75–4148**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1976.
Rehearing and Rehearing En Banc
Denied Oct. 7, 1976.

Oliver Holden, Jr., San Antonio, Tex. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant, Paul Martinez, appeals from a conviction for violating 21 U.S.C. § 841(a)(1), possession with intent to distribute heroin. After being introduced to appellant by an informer, Special Agent Oliver Pastrano Garza of the DEA negotiated a purchase of two ounces of heroin from Martinez. Transcripts of conversations initiated by Garza, in which the sale was dis-

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

cussed, were admitted into evidence. Garza also testified extensively at trial as to his relationship with Martinez. Martinez' contention, however, when he took the stand in his own defense, was that he dealt with Garza to "get rid" of him and to protect his family against threats made by a friend of the informer. On two occasions during direct examination, Martinez' own attorney questioned him as to his attempt at arraignment to enter a guilty plea which was not accepted. On the second of these occasions, the trial judge admonished counsel not to pursue that line of questioning. On cross-examination, the Assistant United States Attorney directly questioned Martinez about statements made at the time of the guilty plea. When defense counsel objected, the prosecution cited Rule 410,[1] Federal Rules of Evidence as authority for his questions. Thereafter, he was permitted to question defendant about the statements in which Martinez had denied under oath that he was threatened or in any way forced to make the sale. Thus reference to matter connected with the withdrawn guilty plea was admitted to impeach Martinez' defense that he made the sale to Garza under duress.

Defendant's testimony at the time of the attempted guilty plea was improperly admitted for impeachment. Although Rule 410, Federal Rules of Evidence, permits admitting such evidence for impeachment purposes, Rule 410 was superseded by Rule 11(e)(6), Federal Rules of Criminal Procedure,[2] which allows evidence of withdrawn guilty pleas to be admitted only in a criminal proceeding for perjury or false statement.

The court and the attorneys were understandably confused about the validity of Rule 410 at the time of trial.[3] The Federal Rules of Evidence became effective on July 1, 1975, but as enacted, Rule 410 contained a provision which delayed its effectiveness until August 1, 1975, and further provided that the rule

"shall be superseded by any amendment to the Federal Rules of Criminal Procedure which is inconsistent with this rule, and which takes effect after the date of the enactment of the Act establishing these Federal Rules of Evidence."

Fed.R.Crim.P. 11(e)(6) became effective August 1, 1975; Rule 410 was superseded and never took effect. It was therefore error to rely on Rule 410 to allow the introduction of statements made in connection with a withdrawn guilty plea.

The government argues that Martinez' counsel opened the door to inquiry about the statements made in connection with the

---

1. Offer to Plead Guilty; Nolo Contendere; Withdrawn Plea of Guilty

Except as otherwise provided by Act of Congress, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer. This rule shall not apply to the introduction of voluntary and reliable statements made in court on the record in connection with any of the foregoing pleas or offers where offered for impeachment purposes or in a subsequent prosecution of the declarant for perjury or false statement.

This rule shall not take effect until August 1, 1975, and shall be superseded by any amendment to the Federal Rules of Criminal Procedure which is inconsistent with this rule, and which takes effect after the date of

the enactment of the Act establishing these Federal Rules of Evidence.

2. Inadmissibility of Pleas, Offers of Pleas, and Related Statements

Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

3. The trial took place October 7 and 8, 1975.

withdrawn guilty plea. On direct examination defense counsel asked Martinez:

Q: Isn't it correct that you were formally going to enter a plea to this court and changed your mind?

A: Yes, sir.

And again,

Q: Now, Mr. Martinez, once before you were going to enter a plea to this case, is that correct?

At this point the court admonished Martinez' attorney not to go into that and the line of questioning was dropped. Then on cross-examination the prosecution, without reference to the withdrawn guilty plea, introduced sworn statements of the defendant made in connection with the plea that he had not been threatened, in order to impeach Martinez' defense of coercion.

The doctrine of invited error[4] does not precisely fit this situation where the defense referred to a guilty plea proper and the prosecution to matter merely connected with it. But we need not determine whether or not the error was invited because we are convinced that in light of all the evidence presented at trial the sworn statements had only a slight effect on the jury's decision. Therefore the government's mistaken reliance on Rule 410 was harmless error. *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Fed.R.Crim.P. 52(a).

Appellant's other issues on appeal are without merit and his conviction is

AFFIRMED.

---

**4.** The injection of allegedly inadmissible evidence directly attributable to the action of the defense does not constitute reversible error. *United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975).