UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Alonzo DORAN,
Defendant-Appellant.

No. 77–5250
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1977.

John Rixie Mouton (Court-Appointed) Lafayette, La., for defendant-appellant.

Edward L. Shaheen, U. S. Atty., D. H. Perkins, Jr., 1st Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before GOLDBERG, RONEY and FAY, Circuit Judges.

PER CURIAM:

Defendant Robert Alonzo Doran was convicted, after a jury trial, for conspiracy and aiding and abetting the interstate transportation of forged securities. 18 U.S.C.A. §§ 2, 371, and 2314. The Government presented evidence showing that defendant induced several women to open bank accounts using false names. At defendant's instruction, they later deposited worthless out of state checks for large sums of money and then withdrew most of the face amount of the checks from the bank. Defendant testified that he was not involved in the transactions.

On appeal, defendant asserts: (1) reversal is warranted under Rule 11(e)(6), Fed.R. Crim.P., due to his cross-examination by the prosecutor concerning statements he made during plea bargaining negotiations; (2) the jury exhibited hostility and prejudice to him that was not justified by the evidence; and (3) he did not receive effective assistance of counsel. We affirm.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

## I. Cross-Examination Concerning Plea Bargaining

■ Defendant cannot obtain reversal under Rule 11(e)(6), which prohibits evidentiary use of statements made during plea bargaining, because the defendant himself injected the plea bargain situation into his direct testimony.

Defendant testified in his own behalf. On direct examination, his attorney asked him whether the Government had offered a plea bargain deal. He answered that he had refused the deal because he was innocent. On cross-examination, the prosecutor asked him about a counter-offer he had made to the Government. After an objection was overruled, defendant said he had requested probation and offered to repay the money that the banks had lost. He explained that having been told that money had been taken, he offered to repay it, even though he was innocent, because he wished to avoid imprisonment. At the end of the case for the defense, the judge cautioned the jury that they should not consider this in deciding on defendant's guilt or innocence.

Clearly, evidence of a withdrawn guilty plea, an offer to plead guilty, and statements made in connection with plea negotiations are completely inadmissible at trial under Rule 11(e)(6). One exception allows its use in a perjury prosecution.

No reversible error occurred, here, however, because the doctrine of "invited error" applies. The accepted rule is that where the injection of allegedly inadmissible evidence is attributable to the action of the defense, its introduction does not constitute reversible error. *United States v. Taylor*, 508 F.2d 761, 763–764 (5th Cir. 1975). The Government could cross-examine the defendant on his direct testimony about the plea negotiations. Defendant was allowed to explain his plea offer, his explanation was consistent with his defense of innocence, and the judge gave a cautionary instruction to the jury. *Cf. United States v. Martinez*, 536 F.2d 1107, 1109 (5th Cir.), *cert. denied*, 429 U.S. 985, 97 S.Ct. 505, 50 L.Ed.2d 597 (1976), where the invited error doctrine did not precisely fit, but the Court found any error to be harmless.

## II. Hostility or Prejudice of the Jury

■ After the jury had retired to deliberate, it sent the judge a note requesting a phone number to call in case any of them were intimidated, and requesting an escort home for one juror. Defendant contends their fear was not justified by the record, and shows outside influence on the jury that prejudiced him.

The record contains evidence of defendant's violent nature. Two witnesses testified that defendant had thrown a briefcase at one of the women involved in his scheme, and had threatened to break her neck. There was testimony that defendant threatened to kill anyone who went against him, and defendant himself testified that if he found the two people who he claimed set him up, he intended "to given them a beating."

Since the testimony showed defendant to be vindictive and violent, he has failed to meet his burden of showing any impermissible influence or prejudice. *See United States v. Riley*, 544 F.2d 237, 242 (5th Cir.), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977).

## III. Effective Assistance of Counsel

■ Defendant alleges that he was denied effective assistance of counsel because his attorney failed to locate and subpoena two witnesses, George Stevens (or Stevenson) and Mark Collins, who he alleges would have aided his defense.

Four Government witnesses testified that defendant used those two names as aliases. Defendant testified the two people existed and had set him up.

Since defendant could not provide his attorney with the whereabouts of Stevens and Collins, it is likely that the attorney thought the subpoena would be unserviceable. Even if they were found, it is unlikely that they would incriminate themselves for defendant's benefit, since, according to defendant, they had offered to pay him to keep silent.

The standard applied in this Circuit is " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' " *Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir. 1974). *Accord, Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir.) (en banc), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). Defendant offers only speculation, even through hindsight, as to how his attorney might have been more effective. There has been no affirmative demonstration of prejudice, and we conclude that defendant received reasonably effective assistance of counsel.