**Charles V. NICHOLS,**
**Petitioner-Appellant.**

v.

**Louie L. WAINWRIGHT, Secretary,**
**Department of Corrections, State**
**of Florida, Respondent-Appellee.**

No. 85–3207.

United States Court of Appeals,
Eleventh Circuit.

March 10, 1986.

Rosemary T. Cakmis, Asst. Federal Public Defender, Jacksonville, Fla., for petitioner-appellant.

Michael J. Kotler, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Nichols was tried by jury and convicted of kidnapping and sexual battery in a Florida court. On appeal, Nichols, relying on *Doyle v. Ohio*, 426 U.S. 610, 619–20, 96

S.Ct. 2240, 2245–46, 49 L.Ed.2d 91 (1976) and its progeny, argued that his conviction should be reversed because the prosecution had improperly commented upon his exercise of his Fifth Amendment right to remain silent following his receipt of *Miranda* warnings ("post-*Miranda* silence") in an attempt to impeach his exculpatory duress defense that he was forced to commit the crimes by one Hudson who informed him that Mrs. Hudson was holding Nichols' family hostage and would harm them if he did not cooperate. The state responded to the substantive issues but argued that appellate review had been waived when Nichols failed to object to testimony concerning his post-*Miranda* silence and, instead, addressed his objections and motions for mistrial to the prosecutor's closing argument. The conviction was affirmed, *per curiam*, and without opinion. *Nichols v. State*, 396 So.2d 290 (Fla.2d DCA 1981). Thereafter, Nichols filed a petition for habeas corpus, 28 U.S.C. § 2254. The district court denied the writ, holding that even though the prosecutor's arguments were not permissible as impeachment of the exculpatory statement itself, they were permissible to counter defense arguments that an inference of innocence should be drawn from the defendant's post arrest behavior, citing *Doyle v. Ohio*, 426 U.S. at 620 n. 11, 96 S.Ct. at 2245–46 n. 11. Later, in granting a motion for a Certificate of Probable Cause to Appeal, Fed.R.App.P. 22(b), the district judge further opined that review of Nichols' claim was barred by the procedural default rule of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The state now asserts the default issue before this court.

■ We do not agree that review of the instant claim is barred. The rule of *Wainwright v. Sykes*, applies only to those

cases in which the state courts have refused to consider the merits of a case because of a procedural default, *Campbell v. Wainwright*, 738 F.2d 1573, 1577 n. 3 (11th Cir.1984). Though this court may presume, in the absence of any evidence to the contrary, that an established default rule which was briefed to a state court was applied by that court when it affirmed a conviction without opinion, *Id.*, at 1578, such interpolation and presumption is not available in this action in which the "rule" asserted by the state is not established. Though Florida law does require a defendant to make contemporaneous objections and motions for mistrial directed to evidence of, or comments on, post-*Miranda* silence in order to preserve the issues for review, *Clark v. State*, 363 So.2d 331, 332–35 (Fla.1978), the state has cited no case, statute or rule which states that a defendant waives his right to review of the argument by failure to object to the introduction of the evidence upon which that argument was based. In the absence of any such authority, we shall not presume the existence of a rule. See, *Ulster County Court v. Allen*, 442 U.S. 140, 149–51, 99 S.Ct. 2213, 2220–21, 60 L.Ed.2d 777 (1978). In the instant case the defense raised timely objections and motions for mistrial[1] directed to each of the four comments of which he complains (Record vol. II 303, 311–13). Moreover, the case history of a procedurally similar case arising out of the same Florida appellate court which reviewed Nichols' case suggests that the Florida courts do indeed review prosecutor's comments on post-*Miranda* silence regardless of whether the defense has raised an objection to the evidence upon which those arguments are based. See, generally, *Wainwright v. Greenfield*, —— U.S. ——, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986).

Nichols' defense consisted entirely of his cross-examination of the state's witnesses

---

1. In addressing the prosecutor's last comment defense counsel did not specifically mention the word "mistrial". The record reveals that the trial court clearly understood the argument fol-

lowing the objection to include a motion for mistrial in responding, "All right, sir. Motion will be denied." (R. vol. II 313).

and his closing argument. In that argument, the defense attorney stated, *inter alia,* that the victim's testimony showed that Nichols was confused at the time of the kidnapping and that the arresting and investigating officers' testimony showed that he truly believed Hudson's threats because he informed them of his duress within twenty-five or thirty minutes of his arrest and he couldn't have fabricated a duress defense in such a short time.

 The state responded with arguments which stated, *inter alia,* that there was no evidence that Nichols was confused during the commission of the crimes and that if Nichols was worried about his family's safety he would have said something immediately to the officer who initially stopped him for questioning before his arrest. These statements, to which Nichols objects in his closing brief are clearly beyond the scope of the constitutional prohibitions of *Doyle v. Ohio.* The comment regarding the lack of evidence of "confusion" does not refer to the defendant's post-*Miranda* silence but rather suggests that no inference of "confusion" could be drawn from the victim's testimony as to Nichols' actions in committing the crime. Such an argument is perfectly permissible, *U.S. v. Johns,* 734 F.2d 657, 663 (11th Cir.1984). Nor did the prosecutor violate *Doyle v. Ohio* in commenting on Nichols' silence prior to the administration of *Miranda* warnings as wholly inconsistent with his claims of duress. *Tucker v. Francis,* 723 F.2d 1504, 1510–12 (11th Cir.1984) *see also, U.S. v. Serrano,* 607 F.2d 1145, 1151–52, *cert. denied* 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980) and 446 U.S. 910, 100 S.Ct. 1838, 64 L.Ed.2d 263 (1980).

 The one prosecutorial comment which did actually address Nichols' post-*Miranda* silence was a direct response to

Nichols' argument that his behavior following his arrest, *i.e.,* the proximity of his statement was probative of the veracity of his defense. The counter argument stated that no inference of truth could be drawn from the evidence because Nichols had earlier post-arrest opportunities to complain of his duress, while he was protected from Hudson by the presence of armed police officers, and that Nichols had ample opportunity to concoct a false tale of duress and coercion during the time of his silence. Having placed the timing of his post-arrest statement at issue as evidence of his veracity, Nichols cannot now complain about the otherwise objectionable prosecutorial comments which he invited. *Doyle v. Ohio,* 426 U.S. at 626 n. 11, 96 S.Ct. at 2248 n. 11, *United States v. Males,* 715 F.2d 568, 571 (11th Cir.1983). Nichols has shown no violation of law upon which the writ should have been granted.[2] The judgment of the district court is accordingly.

AFFIRMED.

---

**2.** We note that the Supreme Court recently ruled that a state violates the Due Process Clause of the Fourteenth Amendment in submitting a defendant's post-arrest silence as evidence of his sanity. *Wainwright v. Greenfield,* —— U.S. at ——, 106 S.Ct. at 638, 641 (1986). *Greenfield's* holding that the general defense of insanity does not invite comments upon or evidence of post-*Miranda* silence is inapplicable to the instant case in which the defense was specific in its reliance upon the proximity of the statement to the time of arrest. *Greenfield* neither specifically nor implicitly overruled footnote 11 of *Doyle v. Ohio* which permits comment upon post-*Miranda* silence in response to defense arguments that the defendant's post-arrest behavior was probative of his innocence.