**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Antonio McLEAN–DAVIS,
Defendant-Appellant.**

**No. 84–3875.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 6, 1986.

Frank R. Jakes, Shackleford, Farrior, Stallings and Evans, P.A. (court-appointed), Tampa, Fla., for defendant-appellant.

Terry Flynn, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Petition for Rehearing and Suggestion for Rehearing En Banc

(Opinion April 8, 1986, 785 F.2d 1534).

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and SIMPSON, Senior Circuit Judge.

**958**

BY THE COURT:

Upon consideration of Appellant's Petition for Rehearing and Suggestion for Rehearing En Banc it is ordered that the paragraph of the opinion designated "D. Venue", 785 F.2d at 1537, is withdrawn, and the following language is substituted therefor:

### D. VENUE

McLean-Davis asserts that there was no proof of venue in the Middle District of Florida as to count nine, the Travel Act violation. That count alleged that on or about August 15, 1981, McLean-Davis and others travelled and caused travel between the Middle District of Florida and New York to further an unlawful business enterprise. McLean-Davis argues that his August 1981 trip from Miami to New York could not have provided venue for the basis of the Travel Act violation as alleged in the indictment.

■ This court has held that the Government need only show by a preponderance of the evidence that the trial is held in the district where the crime occurred. Furthermore, proper venue may be inferred from circumstantial evidence. *United States v. Davis*, 666 F.2d 195, 199 (5th Cir. Unit B 1982). In evaluating a venue challenge on appeal, the evidence must be viewed in the light most favorable to the government and all reasonable inferences and credibility choices must be made in favor of the jury verdict. *United States v. Males*, 715 F.2d 568, 569 (11th Cir.1983).

■ While it is true that McLean-Davis did not travel directly to New York from the Middle District of Florida, the evidence shows that there were sufficient contacts to establish venue. While they were in Cape Canaveral in the Middle District of Florida, McCoy, McLean-Davis and his fellow crew members agreed that the portion of marijuana which was to be sold to obtain their wages would be transported to New York and there sold at a firm price (which could not be obtained in Florida). McLean-Davis travelled from Miami to New York to help collect money for the marijuana after the purchasers delayed payment. Appellant's trip to New York was thus taken to facilitate a plan to ship marijuana from the Middle District of Florida and profit from its interstate sale. Accordingly, there were sufficient contacts to prove that the Middle District of Florida was a proper venue from the Travel Act charge.

■ Although the indictment alleged that the Travel Act violation occurred on or about August 15, 1981 and the marijuana was transported in late July, this is not a fundamental variance between the indictment and proof such that McLean-Davis was unaware of the nature of the violation alleged against him. Count nine put him on notice that his alleged Travel Act violation concerned his involvement with the shipment of marijuana from the Middle District of Florida to New York. See, *United States v. Phillips*, 664 F.2d 971, 1036–37 (5th Cir.Unit B 1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). Therefore, the Middle District of Florida was a proper venue for count nine.

In all other respects the Petition for Rehearing is ordered DENIED.

No judge of this panel or other judge in the regular active service has requested a poll in response to the Suggestion for Rehearing En Banc. The Suggestion for Rehearing En Banc is therefore DENIED.