William Henry BENNETT,
Petitioner–Appellant,

v.

G.S. FORTNER, Superintendent, Robert A. Butterworth, Attorney General, Respondents–Appellees.

No. 87–3673.

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1989.

A. Thomas Mihok, Orlando, Fla., for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., W. Brian Bayly, Belle B. Turner, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellees.

Before RONEY, Chief Judge, COX, Circuit Judge, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

The appellant, William Henry Bennett, is currently incarcerated in a Florida state prison on a conviction for solicitation to commit first degree murder. He was sentenced to thirty years in prison. After his conviction was affirmed on appeal, Bennett filed a motion for post-conviction relief in the state trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure claiming ineffective assistance of counsel. In his petition appellant alleged many specific instances of ineffectiveness, falling into the following general categories: (1) inadequate contact between counsel and client; (2) inadequate preparation and investigation prior to trial; (3) the attorney's failure to disclose that he had been the victim in a solicitation to commit murder; (4) counsel's failure to call witnesses to testify about appellant's motive and intent; (5) counsel's failure to impeach state witnesses; (6) counsel's failure to object to state evidence; and (7) counsel's incompetent cross-examination of state witnesses. Appellant's motion was denied without a hearing. The Florida District Court of Appeals reversed and remanded the case for an evidentiary hearing.

At the hearing, the court heard testimony from both Bennett and Hornsby, appellant's trial counsel. In addition, the court appointed two experts to examine Hornsby's performance and render an opinion regarding his effectiveness. Both experts testified that, in their opinion, Hornsby's defense was ineffective primarily because he failed to have a psychiatrist perform a battery of medical tests on Bennett. The psychiatrist had evaluated Bennett and came to the conclusion that he suffered organic brain damage secondary to an accident and alcoholism. The psychiatrist stat-

ed that, in order to substantiate his opinion, he would need to perform these tests on Bennett. Hornsby apparently never pursued the possibility of obtaining these tests and never informed Bennett of the psychologist's statement that he needed them. The state contended that, because this claim had not been raised in Bennett's motion, it was not properly before the court.

The state trial court denied Bennett's motion. The court found that Bennett had not raised the issue of failure to order medical tests. The court also found, however, that Bennett's testimony contradicted the diminished capacity defense and thus the failure to order the medical tests was not ineffective. The Fifth District Court of Appeals affirmed *per curiam* without opinion.

Bennett filed a petition for a writ of habeas corpus in the federal district court raising the same instances of ineffectiveness of counsel and adding, as an additional ground for relief, counsel's failure to order the medical tests. The state contended that Bennett had procedurally defaulted that claim. The district court, after reviewing and rejecting Bennett's other claims, found that his claim was procedurally barred. Subsequently, this court granted a certificate of probable cause to appeal and allowed the appeal pursuant to 28 U.S.C. Sec. 2106.

On appeal, Bennett argues that his counsel was ineffective raising the same instances of ineffectiveness that he pursued below including Hornsby's failure to pursue the possibility of Bennett's being tested as the psychiatrist had requested. The state replies that Bennett's counsel was effective, noting that all of counsel's alleged deficiencies can be attributed to strategy, are harmless error, or are unsupported by the record. The state also argues that Bennett's claim regarding the

medical tests is barred by a procedural default.

■ It is settled law that "when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783, 801 (1982). In other words, where a state prisoner has failed to properly raise an issue in the state courts such that the state court would now refuse, on procedural grounds, to resolve the issue, the federal courts will respect the state court's procedural bar.[1] *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Here, the state contends that the Florida courts refused to address Bennett's claim regarding medical tests because Bennett failed to allege this specific instance of alleged ineffectiveness in his original complaint as required by Florida law.

In Florida, a person raising ineffective assistance of counsel is required to identify, in the appropriate pleading, "the specific omission or overt act" of counsel that allegedly rendered counsel ineffective. *Knight v. State*, 394 So.2d 997, 1001 (Fla. 1981). Failure to allege any specific instance of ineffectiveness precludes relief on that ground. *Id.; Downs v. State*, 453 So.2d 1102, 1104–05 (Fla.1984).

The question in this case is whether the state court applied procedural bar to this claim and, if so, whether a state *per curiam* affirmance will support a finding of procedural default on a habeas corpus petition. In its order, the state court concluded that this claim was not raised in Bennett's original motion, but went on to find that this claim was inconsistent with Ben-

---

1. In the *Engle* decision, the Supreme Court recognized that the writ of habeas corpus entails significant costs. 456 U.S. at 126, 102 S.Ct. at 1571. Collateral review of a criminal conviction "extends the ordeal of trial for both society and the accused." *Id.* at 126–27, 102 S.Ct. at 1571–72. Moreover, liberal allowance of the Great Writ "degrades the prominence of the trial itself" and "frequently costs society the

right to punish admitted offenders." *Id.* at 127, 102 S.Ct. at 1572. Finally, the writ "imposes special costs on our federal system" because "[f]ederal intrusions into state criminal trials frustrate both the states' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Id.* at 128, 102 S.Ct. at 1572.

nett's own testimony.[2] The state court of appeals affirmed without an opinion.

■■■ When a federal court is unable to determine whether or not the state court is applying a procedural bar, this court will reach the merits of the issue. *Campbell v. Wainwright*, 738 F.2d 1573, 1577 (11th Cir. 1984). The problem in *Campbell* was that the state court did not say whether it was denying the petitioner habeas corpus relief on the basis of his procedural default or on the merits of his claim; it simply denied his petition without comment. In deciding whether the state court reached the merits, the *Campbell* court adopted the reasoning of the Second Circuit in *Martinez v. Harris*, 675 F.2d 51 (2d Cir.1982), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). In *Martinez*, the court noted that several situations can arise in which it is difficult to decide whether the state court reached the merits when it rendered its decision without opinion. The state's attorney may have briefed only the procedural default issue; he may have briefed only the merits; or he may have briefed both issues. The *Martinez* court concluded that only when the state's attorney briefs the merits alone should the federal court also reach the merits. *Id.* at 54. The *Campbell* court agreed with the court in *Martinez*, noting: "To hold otherwise would place the state's attorney in the unreasonable position of choosing whether to argue the merits in the alternative when briefing the case in state court." 738 F.2d at 1578. In this case, the state's attorney briefed both the procedural issue and the merits of the medical tests claim on the 3.850 appeal.[3] Therefore, the *Campbell* court's adoption of the *Martinez* rule leads to the conclusion that Bennett is barred now from asserting this claim unless he can demonstrate cause and prejudice.

This circuit to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.[4] *See Sinclair v. Wainwright*, 814 F.2d 1516, 1522 (11th Cir.1987) (citing with approval *Campbell v. Wainwright*, 738 F.2d 1573, 1578 (11th Cir.1984)). *See also Nichols v. Wainwright*, 783 F.2d 1540, 1542 (11th Cir. 1986) ("[T]his court may presume, in the absence of any evidence to the contrary, than an established default rule which was briefed to a state court was applied by that court when it affirmed a conviction without opinion.") If the state had argued only the merits of Bennett's claim, and not procedural default, this presumption would be inapplicable here. *Campbell*, 738 F.2d at 1578. Even assuming that the state argued only the merits of appellant's claims on appeal, however, it is unlikely that *Campbell* would require a federal court to reach the merits in this case. As the court in *Campbell* noted, the "situation [where a lower state court simply denies the habeas corpus petition without comment] differs from the Rule 3.850 proceeding in that no other court opinion provides any guidance

---

**2.** The Florida Circuit Court stated: "The Motion did not cite counsel's failure to adequately investigate or develop a defense related to the Appellant's mental capacity. To the contrary, the Defendant, in testimony on the motion, specifically repudiates the concept of such a defense."

**3.** The state's attorney, in its answer brief on the 3.850 appeal, states:

In addition under *Knight* the overt act or omission must be detailed in an appropriate pleading. The trial court noted in its order denying the relief sought, "the motion did not cite counsel's failure to adequately investigate or develop a defense related to the Appellant's mental capacity." This finding is correct since no mention of this allegation appears in the Appellant's motion.

**4.** In *Lindsey v. Smith*, 820 F.2d 1137, 1143 (11th Cir.1987), this court questioned earlier dicta suggesting that a federal habeas corpus court will not consider a particular claim to be procedurally barred on state law grounds unless a state court, either explicitly or implicitly, previously has made that determination. The *Lindsey* court noted that such an approach is inconsistent with the practice of the Supreme Court as pronounced in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The court added: "*Isaac* ... demonstrates that the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." *Lindsey*, 820 F.2d at 1143.

as to whether the court reached the merits." 738 F.2d at 1578. In this case, the state trial court's order on appellant's 3.850 motion provided guidance for the state appellate court's *per curiam* affirmance.

Recently, in *Hardin v. Black*, 845 F.2d 953, 958–59 (11th Cir.1988), this court held that when the state court both applies a procedural bar and addresses the merits, "federal habeas review is precluded only if the state court's adjudication on the merits is made in the alternative and does not constitute the principal basis for the state court's denial of relief on collateral challenge of conviction." As previously noted, the state court concluded that the medical tests claim was not raised in appellant's original motion, but went on to find that this claim was inconsistent with Bennett's own testimony. We conclude that procedural default was the principal basis for the state court's denial of relief with respect to appellant's medical tests claim.

*O'Bryan v. Estelle*, 714 F.2d 365, 384 (5th Cir.1983), examined the question of when a state *per curiam* affirmance will support the finding of procedural default on a habeas corpus petition. The first criterion was whether the state had used procedural default in similar cases. In *Knight v. State*, 394 So.2d 997, 1001 (Fla.1981), the Florida Supreme Court held that the specific omission or overt act upon which claim of ineffective assistance of counsel is based must be detailed in an appropriate pleading. Therefore, under the Florida standard, if one fails to allege the act in the pleading then that petitioner has procedurally defaulted. The second criterion under *O'Bryan* is whether the history of the case would suggest that the trial court was aware of the procedural default. 714 F.2d at 384. As discussed above, not only was the trial court aware of the procedural default, but his order specifically held upon that basis. The third criterion under *O'Bryan* was whether a state court's opinion suggested reliance on procedural grounds or a determination of the merits.

*Id.* In the case at bar as well as *O'Bryan*, the state opinion was a *per curiam* affirmance. Here, the state appellate court's affirmance was based on the state trial court's denial of appellant's 3.850 motion which found, consistent with state law, procedural default on the medical tests issue.

■ Under the facts of this case, in which the state court found that the appellant failed to plead the medical tests as a specific ground for ineffective assistance of counsel as required by Florida law and the state's attorney briefed both procedural default and the merits on the 3.850 appeal, the federal habeas courts can presume that a *per curiam* affirmance by the state appellate court affirmed the ruling based upon procedural default. *See O'Bryan v. Estelle*, 714 F.2d 365 (5th Cir.1983); *see also Campbell v. Wainwright*, 738 F.2d 1573 (11th Cir.1984); *Nichols v. Wainwright*, 783 F.2d 1540 (11th Cir.1986). Accordingly, we conclude that Bennett committed state procedural default and is precluded from raising the issue of trial counsel's failure to order the medical tests in these federal habeas proceedings unless he can demonstrate cause and prejudice.[5]

■ In this circuit, "[a] finding of cause must be based on a determination that a miscarriage of justice was suffered and no strategic advantage was gained by failing to comply with the procedural rule." *Jarrell v. Balkcom*, 735 F.2d 1242, 1259 (11th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985). Moreover, appellant has the burden to demonstrate "actual prejudice" from the alleged constitutional errors, in this case, the claims of ineffective assistance of counsel. *Alexander v. Dugger*, 841 F.2d 371, 374 (11th Cir.1988) (citing *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982)).

Appellant contends that this court should reverse the district court's holding that procedural default barred review of the

---

5. The cause and prejudice standard for determining whether to review a constitutional claim in federal habeas corpus proceedings when a procedural default has barred litigation of the claim in state court applies to pro se litigants. *Alexander v. Dugger*, 841 F.2d 371, 374 n. 3 (11th Cir.1988).

medical tests issue because he demonstrated cause for the default and actual prejudice resulting from the alleged constitutional violation. Bennett argues that the basis for the psychiatric tests claim was not reasonably available to him at the time he prepared his pro se motion for collateral relief pursuant to Rule 3.850. In order to avoid a miscarriage of justice, appellant contends, the trial court should have found an "implicit" amendment to the pro se Rule 3.850 motion and reached a decision on the merits. Furthermore, appellant argues that he was prejudiced because trial counsel failed to obtain the tests that would have given the psychiatrist credibility.

The court notes as a starting point that appellant at no time made a motion to amend the petition for post-conviction relief to include the medical tests issue. Even if one assumes for the sake of argument that appellant did move to amend the post-conviction motion and has demonstrated cause for the default, in light of the fact that the record does not contain any test results, any prejudice would be merely speculative. Appellant's argument that these tests would corroborate the psychiatrist's testimony is unpersuasive because the psychiatrist testified that the tests could confirm but not necessarily reject his clinical observation. The burden to prove prejudice requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Accordingly, we conclude that Bennett has failed to show any actual prejudice sufficient to require a federal review of his constitutional claim on the merits, pursuant to the principles established in *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594, 608 (1977). Furthermore, this court concludes that the district court did not err in its denial of appellant's remaining claims on his petition for writ of habeas corpus.

Accordingly, the district court's denial of the writ of habeas corpus is AFFIRMED.