**Stanley Earl WILSON, Petitioner–Appellant,**

v.

**(Warden) C.E. JONES and The Attorney General of the State of Alabama, Respondents–Appellees.**

**No. 89–7701.**

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

John C. Robbins, Birmingham, Ala., for petitioner-appellant.

Don Siegelman, Atty. Gen., Martha Gail Ingram, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before EDMONDSON, Circuit Judges, HILL * and HENDERSON, Senior Circuit Judges.

EDMONDSON, Circuit Judge:

■ A jury convicted Wilson of rape, sodomy, and kidnapping.[1] Alabama courts affirmed Wilson's conviction on his direct appeal. Wilson filed a petition for a writ of habeas corpus in federal court, seeking relief under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After finding that Wilson had procedurally defaulted his *Batson* claim in state court, the district court held that Wilson failed to demonstrate cause for this default and prejudice from the alleged denial of his constitutional rights. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We vacate the judgment of the district court and remand for a consideration of the merits of Wilson's *Batson* claim.[2]

■ At trial, just after the prosecutor used each of his seven peremptory strikes to remove a black venireman from Wilson's jury, Wilson's counsel moved for a mistrial on jury-discrimination grounds and for a continuance to gather evidence to prove a claim of jury discrimination. Under the then-prevailing standard of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), Wilson could not raise a prima facie case of discrimination by challenging the prosecutor's peremptory strikes in Wilson's case alone. Instead, *Swain* required the defense to prove that the prosecution struck blacks discriminatorily across a large number of cases. 380 U.S. at 223–24, 85 S.Ct. at 837–38. Wilson made no offer of proof along with his ob-

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. The details are set out in the district court's opinion. *See Wilson v. Jones*, 723 F.Supp. 629, 630–31 (N.D.Ala.1989).

2. Although *Batson* does not retroactively apply to cases on collateral review, Wilson's direct appeal was still pending when the Supreme Court decided *Batson;* and *Batson* therefore applies to Wilson's conviction. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

jection, and the trial court denied his motion.

Wilson's initial briefs on his direct appeal made no mention of his *Swain* claim, but these briefs were filed before the Supreme Court issued *Batson*. Before the state appellate court ruled on Wilson's appeal, the Supreme Court rejected the pertinent standards of *Swain* by deciding *Batson*. *See Batson*, 476 U.S. at 92–93, 106 S.Ct. at 1721. Wilson then filed a supplemental brief advancing a *Batson* claim. After the state appellate court accepted Wilson's supplemental brief on the *Batson* issue, the state responded; shortly thereafter, the court affirmed Wilson's convictions without issuing a written opinion.

" 'When a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.' " *Bennett v. Fortner*, 863 F.2d 804, 806 (11th Cir.1989) (quoting *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982)). In *Bennett*, as here, the state court disposition failed to indicate whether the affirmance of the conviction at issue was on the merits or on a procedural bar. There, however, the state attorney briefed *both* the procedural bar issue and the merits. Explicitly distinguishing the case where the state briefs only the merits in state court, *see Bennett*, 863 F.2d at 807, we presumed that the state court decision rested on the procedural issue—not on the merits—and applied cause-and-prejudice.

Here, the state's response to Wilson's supplemental *Batson* brief in the state appellate court failed to raise a procedural bar to Wilson's *Batson* claim; the sole argument contained in the state's brief was that Wilson's allegations at trial failed to make out a prima facie case under *Batson*. This is an argument on the merits, not on a procedural bar. Because the state appellate court was faced with no controversy on the procedural bar question, we cannot say the state court's judgment rested on a procedural bar. We therefore believe Wilson did not procedurally default his *Batson* claim in state court and is not required to show cause and prejudice before raising that claim in federal court. *See Bennett*, 863 F.2d at 807, *Campbell v. Wainwright*, 738 F.2d 1573, 1578 (11th Cir.1984); *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir. 1982); *see also Sinclair v. Wainwright*, 814 F.2d 1516, 1522 (11th Cir.1987) (procedural default must be asserted in state appellate courts before we may presume it exists).[3]

VACATED and REMANDED.

**3.** In *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), the Supreme Court prohibited a federal court from barring a habeas petition on procedural default grounds unless the last state court rendering a judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985)). Because we conclude even under the pre-*Harris* standard that Wilson failed to default procedurally, we never reach the question of whether *Harris* applies retroactively. *See Harmon v. Barton*, 894 F.2d 1268, 1272 n. 8 (11th Cir.1990) (assuming *Harris* is retroactive, but expressly declining to reach issue).