PATTERSON, Judge.
The appellant, Stanley Earl Wilson, appeals the denial of his post-conviction petition filed pursuant to A.R.Cr.P. 32. In his petition, he attacks the validity of his convictions for rape in the first degree (CC-83-3789), sodomy in the first degree (CC-83-3790), and kidnapping in the second degree (CC-83-3788).[1] The judgments of conviction were entered on July 22, 1992, pursuant to a plea bargain agreement, and the appellant was sentenced to life imprisonment on each of the convictions for rape and sodomy and to 20 years’ imprisonment on the kidnapping conviction. The sentences were ordered to be served concurrently. He did not appeal.
A brief history of this case is in order. The appellant was first convicted of the offenses on March 29, 1984, after a jury trial. He was sentenced to 20 years’ imprisonment for the kidnapping conviction, 99 years’ imprisonment for the rape conviction, and 99 years’ imprisonment for the sodomy conviction. The sentences were ordered to run consecutively. He appealed, and we affirmed the convictions and sentences on April 28, 1987, without opinion. Wilson v. State, 511 So.2d 281 (Ala.Cr.App.1987). On September 25,1987, the Alabama Supreme Court denied the appellant’s petition for a writ of certiora-ri. Ex parte Wilson, 525 So.2d 417 (Ala.1987). The appellant then filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama, seeking relief under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court denied the petition, and the appellant appealed. On June 5, 1990, the United States Court of Appeals for the Eleventh Circuit vacated the judgment of the district court and remanded the case for consideration of the merits of the appellant’s Batson claim. Wilson v. Jones, 902 F.2d 923 (11th Cir.1990). On remand, the district court granted the petition for writ of habeas corpus and ordered that the *589 appellant be given a new trial within a reasonable tíme or be released. Wilson v. Jones, No. 87-A-1905-S (N.D.Ala., May 3, 1991). Thereafter, on July 22, 1991, the appellant pleaded guilty and was sentenced as set out above.
These cases arose out of an incident that occurred on August 20, 1983, at a nightclub and restaurant known as “Baby Doe’s.” On this date, the victim and her husband left the club shortly after midnight to go home. The husband walked to the parking lot to get their automobile, while the victim waited outside the entrance to the club. Suddenly an automobile drove up to the entrance, and the appellant jumped out. He grabbed the victim, and while she was kicking and screaming, he dragged her into the automobile. Kenneth Thornton and Michael Thornton were in the automobile with the appellant. The three men took the victim’s money, took her jewelry, stripped her of her clothing, and took her to a house in Titusville, where they were joined by three other males who were never identified. For several hours, the six males took turns raping and sodomizing the victim.[2]
The appellant alleges that the federal and state constitutions require a new trial or a new sentencing proceeding in his eases. He also alleges that newly discovered evidence requires the vacation of his convictions or sentences. These allegations are based upon his contention that as a part of the plea agreement, the state agreed that he would be released on parole after serving 10 years’ imprisonment. He contends that he first learned that the state did not intend to honor that part of the agreement 16 months after he entered his guilty pleas, when he received notice from the Alabama Board of Pardons and Paroles that he would be eligible for consideration for parole after he had served 15 years’ imprisonment. He contends that had he known that he would not receive a parole after serving 10 years’ imprisonment, he would not have pleaded guilty to the charges, and he further contends that because his plea was based on the plea agreement and because the state failed to comply with the plea agreement in this regard, his pleas were not entered knowingly and voluntarily. He asks this court to enforce the plea agreement and to order that he be paroled after serving 10 years’ imprisonment or that his sentences be reduced to 10 years’.
The state in its response to the petition denied the appellant’s allegations and stated that it had never agreed that he would receive a parole after he had served 10 years’ or that the state would recommend or not oppose a parole after he had served 10 years’. The trial court denied the petition without a hearing on July 19, 1993, stating: “Petition for relief under Rule 32 is denied— based on lengthy colloquy between def. & undersigned..
An examination of the colloquy between the trial court and the appellant at the guilty plea proceeding refutes the appellant’s contentions. It is apparent that the only discussions concerning a parole dealt with whether the trial court would oppose a parole should the appellant be considered for one. The record shows the following:
“[THE COURT]: Moreover, I will not respond if the Board of Pardons and Paroles ever inquire if I object to you getting out of prison, I will not object, is that your understanding?
“[THE DEFENDANT]: Yes, sir.”
The appellant also stated during the colloquy that no other promises had been made. The record shows the following:
“[THE COURT]: Has anyone promised you anything other than what I have stated about the concurrent feature of the sentence and the Court not taking the position on your parole, has anyone promised you anything?
“[THE DEFENDANT]: No, sir.”
The appellant has the burden of •pleading and proving by a preponderance of *590 the evidence the facts necessary to entitle him to relief. Rule 32.3. While he states his grounds for relief in his petition, he fails to set out any facts in support of those grounds. The petition must include “full disclosure of the factual basis of those grounds.” Rule 32.6(b). The record of the guilty plea proceeding, which is in the record before us and of which the trial court could take judicial notice, clearly refutes the allegations of the petition. Thus, there being no material issue of fact before the trial court and there being no purpose to be served by further proceedings, the summary disposition of the petition as to these allegations was proper.
The appellant also alleges in his petition that he failed to appeal his convictions through no fault on his part. No facts are alleged to support this allegation. Thus, it lacks the specificity required by Rule 32.6(b), and no further action in regard to this allegation was required by the trial court.
For the above reasons, the judgment of the trial court is due to be affirmed. Based upon the pleadings and the record before the trial court, the summary denial of the petition was proper. See Rule 32.7(d).
AFFIRMED.
All Judges concur.

. We note that while the case action summary in this case seems to apply only to the sodomy conviction (CC-83-3790), the appellant’s petition attacks the validity of all three convictions, and we interpret the trial court's order as denying the petition as to all three convictions. The appellant and the trial court properly considered the petition as attacking all three convictions because the convictions and sentences were the result of a single proceeding. See Bryant v. State, 565 So.2d 290 (Ala.Cr.App.1990) (quoting the Appendix to A.R.Cr.P.Temp. 20, which has been transferred to the Appendix to Rule 32, which states, in part, that "[o]nly the judgments entered in a single trial may be challenged in a particular petition”).

. Kenneth Thornton and Michael Thornton were convicted, after a jury trial, of kidnapping in the second degree, rape in the first degree, and sodomy in the first degree, and were sentenced to 20 years’ imprisonment for the kidnapping conviction and to 99 years' imprisonment for each conviction of rape and sodomy. The sentences were ordered to run consecutively. Thornton v. State, 513 So.2d 83 (Ala.Cr.App.1987).