[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 04, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-13936

_____

D. C. Docket No. 98-06522-CV-DTKH

GREGORY HARDY,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
Michael W. Moore, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 4, 2001)**

Before ANDERSON, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

Gregory Hardy appeals the district court's dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as time barred. The sole question is whether Hardy's filing of two postconviction motions under Fla. R. Crim. P. 3.850 tolled the statute of limitations for filing his federal habeas appeal. Because we are unable to conclusively resolve this issue, we vacate and remand to the district court for consideration in light of an intervening Supreme Court case, Artuz v. Bennett, __ U.S. __, 121 S. Ct. 361 (2000).

Hardy pled guilty and was sentenced for multiple counts of strong arm robbery and aggravated battery. While his case was pending on appeal, Hardy filed a motion pursuant to Fla. R. Crim. P. 3.170(f) to withdraw his plea. Upon Hardy's request, the state appellate court relinquished its jurisdiction to allow the trial court to consider the Rule 3.170(f) motion. The trial court denied the motion, and the appeal of this denied motion was consolidated with the direct appeal of his conviction and sentence. The consolidated direct appeal was unsuccessful. The one-year statute of limitations for filing Hardy's federal habeas petition began to run when the mandate issued on June 21, 1996. 28 U.S.C. § 2244.

Hardy filed his first Rule 3.850 motion for postconviciton relief on September 6, 1996, arguing that the trial court should have allowed him to withdraw his guilty plea. The motion was denied because Hardy had previously

2

raised this claim and it had been denied.  This judgment was affirmed on appeal,

and the mandate issued on September 5, 1997.  Hardy filed a second Rule 3.850

motion on November 17, 1997,[1] contending, in part, that the trial court erred in

sentencing him to consecutive terms of imprisonment.  This motion was denied on

the ground that Hardy had filed a previous 3.850 motion that was denied and

affirmed on appeal.  The appellate court affirmed the judgment, and the mandate

for this second postconviction motion issued on March 27, 1997.

Hardy argues that both the Rule 3.850 motions should have tolled the statute

of limitations, resulting in an actual running time of seven months between the

conviction and sentence becoming final and the filing of the instant petition.  The

court below held that because the September 6, 1996, petition did not toll the

statute of limitations, the instant petition was barred by the one-year limitation.

The court reasoned that successive petitions do not qualify as "properly filed

applications" for the purpose of tolling the statute of limitations.[2]  28 U.S.C. §

---

[1]      The parties' briefs state that the motion was filed on November 11, 1997, but
Hardy signed the motion and the supporting memorandum on November 17, 1997.  Because this
date is not crucial to our decision to remand, we will simply assume that November 17, 1997, is
correct.

[2]      This Court adopted a similar rule in Weekley v. Moore, 204 F.3d 1083 (11th Cir.
2000).  The Supreme Court, 121 S.Ct. 751 (2001), granted certiorari, vacated our judgment, and
remanded for further consideration in light of Artuz v. Bennett.  This Court subsequently
published a new opinion in Weekley v. Moore, ___ F.3d ___ (No. 98-4218, March 15, 2001),
following Artuz and reaching a result opposite from its previous opinion.

3

2244(d)(2).  Accordingly, the district court dismissed Hardy's petition as time barred.

After the district court's dismissal, the Supreme Court decided Artuz v. Bennett, supra.  In Artuz, Bennett filed a state postconviction motion that was dismissed because state procedural rules required the denial of "claims that were 'previously determined on the merits upon an appeal from the judgment' of conviction or that could have been raised on direct appeal but were not[.]" 121 S. Ct. at 365 (quoting N.Y. Crim. Proc. Law § 440.10(2)(a) (McKinney 1994)).  The Supreme Court disagreed with the district court's finding that Bennett's federal habeas petition was untimely.  See id. at 363.  The Court held that the state postconviction petition could be considered "properly filed" and therefore toll the statute of limitations for the federal petition, even if the claim itself was procedurally barred.  See id. at 365.  The Court explained that the issue relevant in determining if a state petition is "properly filed" is whether its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 364.

The Florida courts dismissed Hardy's September 6, 1996, Rule 3.850 motion because the claim had already been decided on its merits.  This reason for dismissing the Hardy's post-conviction motion is almost identical to the reason that

4

the New York court dismissed Bennett's claims in Artuz: in both cases the post-conviction applications presented claims that the petitioners either had already litigated or had had an opportunity to do so. Artuz instructs that a district court errs when it considers such a procedural bar to granting relief as proof that the application was "[im]properly filed;" rather, it should consider the state's "laws and rules governing filings." Id. The district court appears not to have considered whether Hardy's September 6, 1996, Rule 3.850 motion met Florida's filing rules; it relied on the finding that Hardy's claim was procedurally barred as indicated. Therefore, in accord with Artuz, the district court erred when it found that Hardy's September 6, 1996, Rule 3.850 motion was not "properly filed."

The State of Florida concedes that the district court's ruling is incorrect in light of Artuz and requests that we remand this case for the district court to determine whether the September 6, 1996, Rule 3.850 motion "conformed with Florida's basic procedural rules contained in Rule 3.850 governing the filing of such a motion." Because the district court never addressed whether the November 17, 1997, Rule 3.850 motion was "properly filed," the State also requests that issue be remanded.

We accept the State's concession and vacate and remand this case to consider whether the September 6, 1996 and November 17, 1997, Rule 3.850

motions were "properly filed" in light of <u>Artuz</u>, and for further proceedings the district court might find appropriate.[3]

VACATED AND REMANDED.

---

[3]    This case had been scheduled for oral argument.  Appellee's motion to dispense with oral argument is granted.