PER CURIAM.
The Florida Appellate Court Rules Committee (Committee) has filed in this Court an out-of-cycle report of proposed rule changes pursuant to Florida Rules of Judicial Administration 2.140(e) and (f). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
First, based on a request from the Court, the Committee proposes an amendment to subdivision (c)(4)(B) of Florida Rule of Appellate Procedure 9.141, Review Proceedings in Collateral or Postconviction Criminal Cases. The proposal changes the commencement of the time for filing petitions alleging ineffective assistance of appellate counsel in noncapital cases from the time when the conviction becomes final to the time when the judgment and sentence become final. And second, following recent amendments to Florida Rule of Criminal Procedure 3.851(f), Dismissal of Postconviction Proceedings,[1] the Committee proposes new rule 9.142(c), Review of Dismissal of Postconviction Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases. The proposed new rule sets forth a procedure governing appeals from orders granting motions to dismiss postconviction proceedings and discharge collateral counsel in capital cases. The Committee published the proposed amendments to rules 9.141 and 9.142 in the July 15, 2007, and September 15, 2007, editions of The Florida Bar News, respectively.
AMENDMENTS
As for rule 9.141(c)(4)(B), the proposed amendments provide that the time for filing a petition alleging ineffective assistance of appellate counsel in noncapital cases begins to run when the judgment and sentence become final on direct appeal. The existing rule provides that the time period begins to run when the conviction alone becomes final. The existing rule creates a problem when a conviction is affirmed but the matter is remanded for resentencing; the two-year period would begin to run while resentencing proceedings continued, giving rise to the possibility that the deadline for postconviction relief could run before resentencing is even completed. The proposed rule makes clear that the time does not begin to run until both the judgment and sentence are final.
As for rule 9.142, proposed new subdivision (c) sets forth an expedited procedure for reviewing orders granting motions to dismiss postconviction proceedings and discharge collateral counsel in capital cases. Within ten days of the rendition of such an order, discharged counsel shall file with the clerk of the circuit court two copies of a notice seeking review in this Court. The circuit judge presiding over the case shall order the preparation of a transcript of the- hearing on the motion, and the transcript shall be filed with the clerk of the circuit court within twenty-five days of rendition of the order granting the motion to dismiss and discharge. Within thirty days of rendition of that order, the clerk of the circuit court shall forward to the clerk of this Court copies of the motion, order, and transcripts of all hearings on the motion. Within twenty days of the filing of the record in this Court, dis *359 charged counsel shall serve an initial brief. The State and the prisoner may then file responsive briefs. All briefs must be served and filed as prescribed by rule 9.210.
We adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the attached appendix. Additions are indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion. Because the Court did not publish the amendments prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 9.141. REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES
(a)-(b) [No Change]
(c) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
(l)-(3) [No Change]
(4) Time Limits.
(A)[No Change]
(B) A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C) [No Change]
(5) [No Change]
Committee Notes
[No Change]
RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
(a)-(b) [No Change]
(c) Review of Dismissal of Postcon-viction Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases.
(1) Applicability. This rule applies when the circuit court enters an order dismissing postconviction proceedings and discharging counsel under Florida Rule of Criminal Procedure 3.851(i).
(2) Procedure Following Rendition of Order of Dismissal and Discharge.
(A) Notice to Court. Within 10 days of the rendition of an order granting a prisoner’s motion to discharge counsel and dismiss the motion for postconviction relief, discharged counsel shall file with the clerk of the circuit court 2 copies of a *360 notice seeking review in the supreme court.
(B) Transcription. The circuit judge presiding over any hearing on a motion to dismiss and discharge counsel shall order a transcript of the hearing to be prepared and filed with the clerk of the circuit court no later than 25 days from rendition of the final order.
(C) Record. Within 30 days of the granting of a motion to dismiss and discharge counsel, the clerk of the circuit court shall forward a copy of the motion, order, and transcripts of all hearings held on the motion to the clerk of the supreme court.
(D) Proceedings in Supreme Court. Within 20 days of the filing of the record in the supreme court, discharged counsel shall serve an initial brief. Both the state and the prisoner may serve responsive briefs. All briefs must be served and filed as prescribed by rule 9.210,

. See In re Amendments to Fla. Rules of Crim. Pro. 3. 851 & 3. 590, 945 So.2d 1124 (Fla. 2006).

. An original and nine paper copies of all comments must be filed with the Court on or before January 14, 2008, with a certificate of service verifying that a copy has been served on the Committee Chair, Stephen L. Bran-nock, Chair, Appellate Court Rules Committee, Post Office Box 1288, Tampa, Florida 33601-1288, along with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee chair has until February 4, 2008, to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup.Ct.).