PER CURIAM.
By motion mailed from his place of confinement on June 6, 2011, Billy Ray Chance seeks an enlargement of time to file a petition asserting that he was denied the effective assistance of counsel in his direct appeal. We have treated the motion as a petition alleging ineffective assistance of appellate counsel for purposes of exercising our jurisdiction in the matter.
Mandate in petitioner’s direct appeal issued on May 26, 2009. Florida Rule of Appellate Procedure 9.141(d)(5) provides that with one exception not implicated here, a petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the judgment and sentence becomes final on direct review. Thus, petitioner’s last day for timely raising a claim of ineffective assistance of appellate counsel was May 26, 2011.
In the analogous context of motions for postconviction relief under Florida Rule of Criminal Procedure 3.850, which also are subject to a two-year time limitation, a court may extend the time for filing a motion under that rule upon a showing of good cause if the request for an extension is made before the expiration of the two-year period specified in rule 3.850. See State v. Boyd, 846 So.2d 458 (Fla.2003). Assuming for present purposes that an appellate court can likewise extend the time for filing a petition alleging ineffective assistance of appellate counsel, we conclude that petitioner has nonetheless failed to demonstrate an entitlement to that relief. Petitioner’s motion was filed after expiration of the time for filing of a petition asserting that appellate counsel was ineffective, and more to the point, we conclude that petitioner has failed to establish good cause to extend the time, even if his request had been timely made.
Accordingly, petitioner’s request for an enlargement of time is denied, and to the extent his motion has been treated as a petition alleging ineffective assistance of appellate counsel, we conclude that it is procedurally barred by rule 9.141(d)(5), and deny it as such.
VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.