# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1094
Lower Tribunal No. 02-16949B

_____

**Salvador Mendoza,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A case of Original Jurisdiction – Petition Alleging Ineffective Assistance of Appellate Counsel

Salvador Mendoza, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondent.


Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

### ON MOTION TO DISMISS

Salvador Mendoza ("Mendoza") petitions this Court for a writ of habeas corpus alleging ineffective assistance of appellate counsel. The State moves to

dismiss the petition as untimely. We agree and dismiss the petition as procedurally barred under Florida Rule of Appellate Procedure 9.141(d)(5).

In 2004, Mendoza was convicted and sentenced for the following crimes: (1) attempted first degree murder of a law enforcement officer; (2) aggravated battery of a law enforcement officer; (3) aggravated assault of an intern in a police car; (4) shooting a deadly missile; (5) resisting arrest with violence; (6) burglary of a dwelling; (7) possession of a firearm in the commission of a felony; (8) conspiracy to commit armed robbery; and (9) fleeing a police vehicle that has activated its siren. This Court on direct review in Mendoza v. State, 941 So. 2d 523 (Fla. 3d DCA 2006), affirmed in part and reversed in part Mendoza's sentence.[1]  On November 28, 2006, the mandate issued and Mendoza's judgment and sentence became final.

Pursuant to Florida Rule of Appellate Procedure 9.141(d)(5):

> A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.

---

[1]  This Court reversed Mendoza's conviction for possession of a firearm in the commission of a felony, and this conviction was vacated by the trial court on January 19, 2007.

2

(emphasis added).  Because Mendoza's petition was filed on May 7, 2017—more than four years after his judgment and sentence became final on direct review, we dismiss Mendoza's petition as procedurally barred under rule 9.141(d)(5).[2]  See Melara v. State, 997 So. 2d 1135, 1136 (Fla. 3d DCA 2008);  see also Burroughs v. State, 65 So. 3d 1175 (Fla. 1st DCA 2011); Chance v. State, 65 So. 3d 1176 (Fla. 1st DCA 2011).  We caution Mendoza that the filing of any further procedurally barred petitions claiming appellate counsel was ineffective may result in the imposition of sanctions including but not limited to an order from this Court prohibiting Mendoza from filing any further pro se pleadings in this Court.

DISMISSED.

---

[2]    Mendoza's petition was filed more than ten years after his judgment and sentence became final.