# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-0402
Lower Tribunal No. 05-29587
_____


**Yosvani Torres,**
Petitioner,

vs.

**Mark Inch, etc., et al.,**
Respondents.


A case of Original Jurisdiction-Habeas Corpus.

Yosvani Torres, in proper person.

Ashley Moody, Attorney General, for respondent, the State of Florida.


Before SALTER, LINDSEY, and MILLER, JJ.

MILLER J.

Yosvani Torres petitions this Court for a writ of habeas corpus alleging ineffective assistance of appellate counsel. We dismiss the petition as untimely pursuant to Florida Rule of Appellate Procedure 9.141(d)(5).

In 2009, Torres was convicted and sentenced for two counts of capital sexual battery, and was duly sentenced. We affirmed his conviction and sentence on direct review in Torres v. State, 54 So. 3d 535 (Fla. 3d DCA 2011). On February 4, 2011, the mandate issued and Torres's judgment and sentence became final.

Florida Rule of Appellate Procedure 9.141(d)(5) provides:

> A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.

As Torres filed the instant habeas corpus petition on February 27, 2019, more than eight years after his judgment and sentence became final, we dismiss the petition as procedurally barred under rule 9.141(d)(5). See Mendoza v. State, 224 So. 3d 836 (Fla. 3d DCA 2017); see also Burroughs v. State, 65 So. 3d 1175 (Fla. 1st DCA 2011); Chance v. State, 65 So. 3d 1176 (Fla. 1st DCA 2011).